UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
HINBIR PEREZ *on behalf of himself, individually,*
*and on behalf of all others similarly-situated,*

                                Plaintiff,                             **REPORT AND**
                                                                        **RECOMMENDATION**
                   -against-                                    CV 18-5918 (DRH) (ARL)

FOUR SEASONS AIR CONDITIONING, INC. and
ASHER PUTTER *individually,*

                                Defendants.
-------------------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

      For the reasons set forth below, the Court respectfully recommends approval of the proposed settlement agreement as it comports with the requirements of *Kolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332 (S.D.N.Y. 2012) and *Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015), *cert. denied,* 136 S. Ct. 824 (2016).

      The plaintiff, Hinbir Perez ("Perez"), commenced this action against the previously-named defendant, Four Seasons Temperature Control ("FSTC"), and the individually named defendant, Asher Putter ("Putter"), on October 23, 2018, alleging that the defendants failed to pay him overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a) and the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160; N.Y. Comp. Codes R. & Regs. ("NYCRR") tit. 12, §142-2.2. On June 14, 2019, Perez moved for conditional certification of a collective action. The defendants opposed the motion asserting that Perez did not work the overtime he claimed and that he and the defendants' other employees were paid the requisite overtime for any hours worked over 40. In addition, the defendants stated that FSTC was incorrectly named as a defendant because, during the relevant period, Perez had worked for FSTC's successor company, the defendant Four Seasons Air Conditioning Inc. On September 16, 2019, the parties entered into a stipulation permitting Perez to file an amended complaint, which was so ordered removing FSTC as a party. However, Perez's motion for conditional certification was denied with leave to renew on October 10, 2019, and this matter was referred to mediation where it was ultimately settled pending approval.

      Perez was employed by the defendants as a mechanic. He installed heating and air conditioning systems. Perez alleges that he worked an average of fifty-three and one-half hours each week and was not paid the overtime rate when he worked more than 40 hours. Perez was not required to clock-in and out of his shifts and calculated his hours and damages from his own recollection. The defendants deny that Perez worked more than 40 hours each of the weeks that he claims to have worked and that they did not pay him lawful overtime when he did. To support their defense, the defendants have provided 5 employee affidavits supporting this account. Accordingly, the facts, as developed, present a *bona fide* dispute with no clear winner.

The maximum range of recovery for Perez, inclusive of liquidated damages, is $40,326.43. The settlement agreement provides for a total recovery of $30,000, inclusive of attorney fees. From this amount, Perez will receive $19,503.81. Attorney fees are $9,75.91 or the equivalent of a 1/3 contingency fee. Costs in this case totaled $758.90, which are to be paid from the total recovery. The proposed settlement is limited to the claims as stated and does not include an overbroad release that might be construed as inconsistent with *Cheeks*. Moreover, there is no confidentiality attached to the settlement. For all the reasons, the undersigned recommends that the settlement be approved.

A copy of this Report and Recommendation is being electronically served by the Court on the parties. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Such objections shall be filed with the Clerk of the Court via ECF. Any requests for an extension of time for filing objections must be directed to Judge Hurley prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections will result in a waiver of those objections for purposes of appeal of the District Court's Order. See 28 U.S.C. § 636(b)(1); Fed R. Civ. P 72; *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.,* 596 F.3d 84, 92 (2d Cir. 2010); *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchant's Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
July 23, 2020

_____/s_____
ARLENE R. LINDSAY
United States Magistrate Judge